The Fourth District Appellate Court of the State of Illinois has now convened. The Honorable Robert J. Stegman presiding. Thank you, Mr. Bailiff. Good afternoon, counsel. This is case number 4-25-0536, People of the State of Illinois versus Ricky Britton. And I'd ask counsel for the appellant, please state your name for the record. Sarah Lucy, your honor. Thank you, and counsel for the appellate. Allison Page is my first name, last name Brooks for the people. Thank you, counsel. Ms. Lucy, on behalf of the defendants, can we make your oral argument at this time? Thank you, your honor. Good afternoon, and may it please the court, counsel. My name is Sarah Lucy from the Office of the State Appellate Defender. I represent Ricky Britton. Just over six months ago, this court released its opinion in People v. Barnes, and it decided that the extended term statute allowed trial courts to use conditional language when explaining a defendant's extended term eligibility. However, the defendant in Barnes did not provide this court with the opportunity to consider how Illinois Supreme Court Rule 402, which governs courtroom procedure for how guilty pleas may be accepted, what the change that has on that statutory requirements. Ricky Britton is now inviting this court to revisit its decision in light of the clarifying language of Rule 402A2. Well, counsel, let me ask this question. Rule 402 has been in existence for decades. Why wasn't that something which was before this court in Barnes? Yes, your honor, that is a very wonderful question. Unfortunately, the Office of the State Appellate Defender did handle the appeal in People v. Barnes. I cannot explain to this court why 402 was not brought to this court's attention. I think it is a pivotal piece of information. I think it is something that the majority did consider in the Second District's 2006 opinion in People v. Taylor. I, again, I truly believe it is the key to the decision-making process, especially where courtroom procedure is more so governed by the Illinois Supreme Court rules than the statutes. If the two are in conflict, I don't believe that the statute and the court rules are necessarily in conflict here, but certainly Rule 402 omits the language that is the heart of the issue between the Second District's opinion in Taylor in this court's decision in Barnes, which is that language, the defendant's knowledge that a sentence is a possibility. That is the language that Justice Kapila latched onto in her dissent in People v. Taylor that Black's Law Dictionary makes it clear that a possibility may or may not happen. So this conditional language is, theoretically at least, acceptable. Rule 402 makes no such exception. In fact, in addition to prescribing that the defendant must know the minimum and maximum sentence, it specifically states when applicable, the court must inform the defendant about the penalty to which the defendant may be subjected because of prior conviction. Isn't the word may there in the same category as the conditional language, if possible? Isn't that consistent with the idea of advising the defendant that this is on the table? To a certain extent, an extended term is always on the table. A court has the authority to not use the extended term. One could be eligible for one to six and still only get sentenced to three years. But I think the when applicable language is the true key that it's not sufficient to advise every defendant that a class four felony comes with a penalty of one to three, one to six if extended is the language that the court used in Mr. Britton's case. That doesn't tell him that it's applicable to his case. In fact, all three defendants in his guilty plea hearing were given those exact same vague admonishments of if extended term eligible without any explanation of what makes somebody eligible for an extended term, whether or not he was in fact extended term eligible. How does the judge know, right? The judge isn't looking at a pre-sentence report, may never get one, but isn't looking at a pre-sentence report. How is the judge to know and effectively adjudicate the defendant's eligibility at this very summary type proceeding? Your Honor, the Illinois Supreme Court rule doesn't lay the responsibility at any one person's feet. I would point the court to rule 402C where there needs to be a factual basis for the guilty plea that has traditionally fallen to the prosecutor. The prosecutor must provide the factual basis at which point defense counsel is then asked to agree. I believe that that would be a reasonable measure in this case, that the prosecutor should come bearing this information. I will also point out for what it's worth, Your Honor, that since 2023, all defendants who make a first appearance in a court are subject to the office of the statewide pretrial services. They are charged with gathering a defendant's criminal background and their socioeconomic data before their first appearance. That is just a part of the new Safety Act. So while I do recognize in this case, Ricky Britton's guilty plea did happen before the Safety Act had gone into effect. If the question is starting today and moving forward, how would we know this information? It should be present in every defendant's pretrial investigation report, at least a preliminary report on their criminal history. So rule 402 has been in existence for half a century and deals with guilty plea admonitions. The Supreme Court of Illinois has written that guilty pleas are the means of resolution of the great majority of serious cases pending. And that would mean that there would be hundreds, probably thousands of guilty pleas tended and accepted each year in the courts of the state of Illinois. So that is over the last half century as the Illinois Supreme Court just forgotten or omitted somehow to clarify rule 402 to correct the omission that you claim it has, namely that if there's the possibility of an extended term sentence that the defendant has to be told, this is what you are going to get? Your Honor, I don't believe that there is an omission in rule 402A2. I believe that the language has been clear. I believe that many courts are in compliance and do not give these sort of conditional admonishments that Ricky Britton got in his case that were so insufficient. I think that a lot of guilty pleas do not get appealed. That is the very, I think sort of one of the basis is for a guilty plea and why so many cases are resolved that way. It's somewhat rare that we get appeals from a guilty plea and rarer still that found within these guilty pleas are these conditional admonishments with nothing else in the record where any judge has explained what the eligibility requirement is for extended term. So for instance, this court confronted a similar situation in its own 2022 Taylor case where the defendant had always been told you're eligible for one to six years. Yes, that does include the extended eligible term, but because he was consistently and properly admonished, that didn't run afoul of rule 402. So I think this is just a situation that rarely crops up. And I think this is a situation that is ripe for clarification. And certainly the second district has issued its decision and published that decision back in 2006. I would urge this court not to create a circuit split, but to find that rule 402 is, as I said at the beginning, sort of the key to unlocking the potentially confusing language in the statute 582. Council, if the trial court here had done what you, and this is a hypothetical, trial court here had looked at the pretrial report, which I don't think is always going to be present depending on whether detention is being sought. But if the court looked at it, did not identify a prior felony, should the admonition be given that the sentence range is one to three? I guess that would depend on the court's confidence. I think in that case, perhaps the court should postpone the proceedings momentarily while someone seeks out a more thorough criminal history. If the court is, am I not answering your question? Let's say everybody agrees that he doesn't have a private felony. Does that mean he gets a one to three admonition? Yes, your honor, I think- Here's what I'm getting at. There's other ways that he can get an extended term. He can get an extended term. If the court concludes probably after the hearing that the act was accompanied by exceptionally brutal or heinous behavior indicative of one cruelty, maybe the court finds out that the person had a disability, the victim did. Maybe the court discerns that this was committed as part of a ceremony right or initiation. I guess what I'm trying to get at here is I don't know if it's reasonable to expect the court to make a definitive statement about whether somebody is or is not going to be eligible for an extended term. So isn't the more pragmatic way to do this simply to flag the possibility? Your honor, that just is contrary, I believe, to the language that the Illinois Supreme Court has chosen to use. And as Justice Stegman has pointed out, has unchanged for about half a century now. The defendant must be admonished about the minimum and maximum sentence prescribed by law. So if there is some sort of heinous or wanton cruelty, if there is some sort of ritualistic add-on, I believe that the defendant at the time that they enter their guilty plea needs to be told whether that not just mercurially could apply to someone hypothetically somewhere, whether or not this is a very real possibility in their case. I realized I just used the word possibility. I wish I could take that one back. But even... But you see, the line you're drawing has now started to blur. Now you're saying that he has to be admonished when it's pretty clearly applicable. This is a lot to ask of a sentencing judge to make these conclusions at that point in a case. I don't want you to overestimate what sentencing judges know about a case that has just been before them at various pretrial stages and is now in front of them for sentencing. They may not have a very familiar understanding of the case. And this sounds very definitive, what you're expecting the judge to say in those admonitions. Your Honor, a guilty plea is very dispositive. This is the relinquishment of a litany of a defendant's incredibly important rights. Their right to a jury trial, their right to present evidence, their right to persist in a not guilty plea. This is an important, a crucial, a vastly important step of the criminal proceedings. And as Justice Stegman pointed out, it is one that resolves probably 99% of cases in our criminal justice system. To say that the court has to take a little extra time, and I'm not trying to be flippant about how difficult the trial courts are, overtaxed, overburdened, et cetera. But to say that then, therefore a defendant's rights can be diminished, I think it's in and of itself a slippery slope. I think that these are the rules, our Supreme Court has put these rules in effect 50 odd years ago, and that they must be upheld as written. A defendant needs to know when they are pleading guilty, not just the nature of the charge, but the minimum and maximum penalties prescribed by law that they can be held accountable to. And I think that this case specifically shows the absolute danger of these, let's just move it along guilty pleas, where the defendant actually says on the record that he believed he was eligible for one to three, and the court didn't stop and say, well, hold up, let's take a minute, figure out if you have a prior class four. It's not a move it along so much as it is a recognition that you can't have the sentencing hearing before the plea. That everything is in the abstract and possible until the judge makes the decision whether there's a factor that allows this person to be eligible. Even a prior conviction, there can be debates about that, about what was the date of the conviction, whether it's a conviction from another state, does it translate to Illinois? There's just a lot to expect the judge to lock in definitively concerning eligibility for extended term sentencing at that stage. And again, Your Honor, there's nothing in this rule that would necessarily place that burden at the feet of the trial court by itself. I think it would be utterly reasonable to expect the prosecutor and defense counsel, clearly they would have had some sort of discussion about the guilty plea hearing. Those are details that one can absolutely expect counsel to have hammered out. This is the kind of case where we could expect to see this Las Vegas conviction coming into play or know that Las Vegas conviction is 20 years old, you can't bring that in. I think that is absolutely something that the judge can receive from the parties, again, in the same way that the trial court receives the factual basis. It is not tasked with going out and finding these facts for itself. The court is reasonable in trusting that the parties are bringing the facts to the court's attention. Parties have a way of disagreeing though. And so we know who's got to decide it then. Then the parties would bring their disagreement to the court. The court would have to make the final decision as the courts do. But again, I don't know that we're going to be dealing with an extensive and exhaustive amounts of cases. I think the parties in Ricky Britton's case could have taken two seconds to look at his criminal history and said, yes, he qualifies. Because I cannot look this court in the eye and say that he doesn't qualify. His criminal history is very clear. This is not a confusing case. This is not a bubble case. This is not an out of state conviction case. This would have been as cut and dry as anything if any of the parties had taken the time to educate themselves about what Ricky Britton had in his past. But you don't know that his attorney didn't. We don't know what he was told. So this is the very unique case. And it's kind of a wonderful unique case in that sense where we actually do get to hear from the defendant who easily could have just said, yes, I understand the terms. He actually repeated back his understanding and said one to three. And when the court said, ah, but it's one to six if you're extended eligible, he said, yeah, if I'm extended though. So not only did he indicate that his understanding was one to three, he indicated that he did not believe that he was extended term eligible. Right, but you're coming through ineffective assistance and we don't know what the attorney advised his client. Don't we need to know that as part of this? Why would the attorney object to what the trial court said if the attorney already had this conversation with the client and let him know? So Your Honor, the Rule 402 admonishments can't be done off of the record by the defense attorney to their client. They have to be done on the record. But we're not directly reviewing the trial court. We're reviewing it through the lens of attorney ineffectiveness, aren't we? I think that the attorney had the absolute responsibility to make sure that the Rule 402 admonishments were followed and Rule 402C, actually, this attorney made several mistakes. The attorney had the duty to make sure that these admonishments were on the record before the guilty plea was accepted by the court. He failed to do so in any meaningful way whatsoever. He should have even perhaps asked for a moment to speak with his client and said, look, Mr. Britton, we talked about this. It's one to six because you're eligible. The fact that at the end of the colloquy with the court, it appeared that Ricky Britton still believed that he was only eligible for one to three shows that Rule 402 was not complied with, not by counsel, not by the prosecutor, by putting that on the record. And unfortunately, in this case, not by the court for following the rules of 402 and making sure that it was clear from the record that the minimum, that he understood the minimum and maximum sentences prescribed by law. Your Honor, with my time rapidly elapsing at this point, I will kindly ask that this court reverse its decision in People v. Barnes in light of this new argument that was not presented before this court about Rule 402. I apologize that I was not able to touch on arguments two or three. By all means, of course, if this court has any questions, I'd be more than happy to address them in rebuttal. Thank you, counsel. You have an opportunity to address this again in rebuttal as you mentioned. Ms. Brooks, on behalf of the people, you will make your argument at this time. Thank you, Your Honors. May it please the court and counsel. Under the Ratliff case, any issues not raised in the post-plea motion are waived on appeal, which means they are not recognizable on appeal. So therefore, the defendant's failure to raise these arguments in his motion and the post-plea motion under Rule 604D requires him to present them in a post-conviction petition. So he essentially is not gonna be able to get any relief in this appeal that he's asking for. He's going to have to follow these arguments in a post-conviction petition because they are waived. Waiver here is like an absolute bar. So essentially, everything the defendant's arguing in this case, it's just, it's not gonna be possible for him to win this appeal on these spaces because of the waiver rule under 604D. But I will argue further on the merits, despite the waiver, I guess, because the defendant has, and I guess it might be helpful to this court. So the defendant- Ineffective assistance he can raise for the first time on direct appeal. That's how counsel has couched the argument. Well, every issue, he could have raised ineffective assistance of plea counsel in his motion, but he did not do that. So the issue is therefore waived on appeal. So if he had raised in his pro se, if he had filed like a pro se motion saying my plea counsel was ineffective, I did not know that I was subject to an extended term sentence. My plea counsel never told me that that was a possibility and I was confused when I went before the judge and the judge's admonitions were confusing. He could have put that in a motion that could have been litigated in the trial court. So the rule 604D, the purpose of rule 604D has always been since like it was enacted and I think in the seventies or something, to winnow out the appeal issues that reach, because of the great number of guilty plea cases that reached the courts on appeal, they wanted to winnow those out. They didn't want to have open-ended appeals from guilty plea cases. So you can't just raise any arguments you want on appeal from a guilty plea. You have to have raised it in your motion. Is the argument not framed in terms of ineffective assistance of counsel with respect to that motion? The ineffective assistance, so the defendant is claiming that his post plea counsel was ineffective or that his plea counsel was ineffective. I think it may be both, but I'm just trying to understand why you think he cannot raise ineffectiveness on direct appeal that 604D is an absolute bar to that argument. Because a claim of ineffective assistance of appeal counsel would be made in a post plea motion that would be litigated in the trial court. That's not something that can be raised for the first time on appeal from a guilty plea because 604D says any issue is waived. So there's no exception for ineffective assistance of plea counsel. This is the type of issue that has to be raised in a motion filed under rule 604D. So that's why I don't understand why the defendant believes they can file like new issues from an appeal for the first time on appeal. I mean, that's exactly what 604D is for. It's an absolute bar. It's a waiver rule. It's not subject to that sort of exception. Any waived issue is not cognizable on appeal. It's waived. That's why- Is it your claim that any such claim about ineffective assistance would then have to be raised in a post conviction petition? Yes, it just as if the defendant had not filed a 604D motion at all, he still gets to file an opportunity for a post conviction petition. So whether it's not included in the motion or he fails to comply with the motion requirement at all, either way he's funneled into the post conviction. That's what would happen. So he can only appeal issues that he raised in his motion and he has not raised any issue from his motion. So therefore really the appeal could be dismissed because he hasn't appealed anything that was raised in the motion. Everything else is waived. So that's why he cannot raise any of his three issues really except for, I guess he's claiming the lack of 604D compliance. That would be subject to remands if this court agreed that there was a failure to comply with 604D, the certificate requirement. I have a question I'd like to raise about, to put it bluntly, how's it possible we still have a trial court saying, will the parties stipulate to a factual basis in a felony guilty plea? How is this possible? And what can this court do to get this to stop in addition to what we've already written? Right, it again is about the only thing I can think of. Just, I'm sorry, Your Honor. But that is a good point. I mean, it's been pretty obvious for a long time, I guess in many different cases that the parties cannot stipulate to a factual basis. So this would be an error, but it is of course waived in this case because it was not included in the motion and 604D requires every motion to include every issue that's going to be raised and therefore it's waived on appeal. Ms. Brooks, may I ask a question about the stipulated factual basis? When I looked in the record, I was a little confused by which judge was presiding at that time. When I looked in the record and the colloquy between the judge and the party, the defendants and the lawyers, it looked like it was Judge Patton that was addressing the court or addressing the parties and the lawyers. But then on the transcript itself, the initial page, it said that it was Judge Donohue presiding. Which judge indicated that it was accepting that stipulated factual basis? I did not notice that particular distinction, Your Honor, I'm sorry about that. So I'm not sure that without like referring to the record right now, I wouldn't really have anything to answer your question with, I'm sorry. Okay, thank you. So I mean, the defendant would at least have to show prejudice as well. I mean, even if he's arguing ineffective assistance of counsel, so what sort of prejudice would he suffer from having a stipulated factual basis? I mean, the possibility, I guess, that he might've been improperly convicted of a crime, but here it's possession of controlled substance. So it doesn't seem like there would be really any significant possibilities, none that arises on this record that he could have been convicted of crime that he didn't actually commit, I think is the idea why we want factual basis on the record. So this kind of like, he can't show prejudice definitely on this record without just resulting to sheer speculation. So that's not the type of error, especially given it's waived under 604D for which relief could be had. With respect to the first issue. The response could have been from the state or defense attorney when the trial court said, how about if we stipulate to a factual basis, say, no judge, I don't think we can. And I think the court has to require the state to state a factual basis. And then I can state whether or not I agree that such a factual basis exists. I guess that's what the claim is that defense counsel, this case was ineffective for not doing that. And it's, I will be asking Ms. Lucy about the prejudice because it seems to me had counsel done that, there are a few errors more easily correctable than turning to the prosecutor and saying, okay, tell me what evidence you could have presented at trial. And then after hearing a short statement of that, turn to the defense attorney and say, did he agree that the state has witnesses who have called to testify substantially as indicated? It's hard to see the prejudice that would arise in a cold record from a defendant's counsel not having done that because had he done it, I don't think that the defendant would have achieved anything other than the niceties of complying with the rules for the court governing guilty please. Any thoughts? Well, I think there would be really no tactical or, I mean, it would be objectively unreasonable, I think, to not object here to the lack of factual basis. But I mean, I think it really comes down to the prejudice prong. That's why this court doesn't really need to get to the first prong at all. It's because at least on this record, they haven't shown prejudice for the lack of objection to the, in fact, affirmatively stipulating to it. I mean, that's, I mean, he's bound by stipulations of his counsel, but the fact he can still complain that his counsel is ineffective, which is what he's doing, but to get relief on that, he has to show prejudice. And that's why it's not possible in this record for him to do so, but he can try to make that case in a post-conviction petition, just like in the first argument, he still would have that opportunity. So had the court turned to the prosecutor and said, can you state a factual basis? You think that on this record, there would not have been any difficulty in the prosecutors doing so? Probably not in a drug possession case. It's probably very limited evidence. It's probably an officer who finds a seized substance in the crime lab. As long as that evidence exists, I assume it would because there was a stipulation by both parties. So apparently a defense attorney had seen discovery, would be aware of what evidence the state had. So there probably was not any real issue. If we write a grant to trial judges saying, don't accept stipulated guilty pleas, it will be more effective in the future than it's been now. Well, at least particularly this judge, if this judge is still on the bench and we get a copy of this ruling, then at least for this judge and potentially any other, I mean, every time it comes up, potentially those who train trial judges could notice like more opinions coming out about this particular issue and then put it in their training materials as well. So I'm sorry, that's what they can do other than just keep trying. To alert the EdCon people, perhaps. So if I can- I'm sorry. You may go ahead. Okay, sure. If I can go back to the first issue, I think as well. Rule 402 deals with due process. Finn has to know the consequences. And here are those consequences. I mean, he was told it could be up to six years. And he might say, now it's three, but then the judge says, well, yeah, actually if it's six, if you're extended, and he says, yes, like if you're, if I am, but I mean, so he was aware that it could be six. I mean, so the question is, was there any real prejudice or denial of real justice? So if this was a fully preserved error, would he even be getting relief on this? And that the 50 years of jurisprudence, I mean, Defense Cites a Safety Act, it's like, well, is the Safety Act changing how 402 works? I mean, because if this is not something that would have been an error under 402 before the Safety Act was passed, then why is the fact that somehow the records will now- Let's be fair to counsel. I think counsel was responding to my question just pragmatically. The judge's definitive knowledge to make a clear statement or determination about eligibility for an extended term at this sentence. And she said the Safety Act would provide the tools to do that. Yes, I understand. But the argument is essentially that if this case was not a Safety Act case, the court wouldn't have had a complete understanding of what the defendant's prior record was because some defendants have aliases. Some defendants have out-of-state convictions and would really require a full pre-sentence investigation to determine it. And a defendant could still say, no, your honor, I'm not pleading guilty until I know for fact whether I'm in fact eligible or not. And the defendant could insist on that, I think, before pleading guilty. And if the defendant doesn't even ask for that, then it's kind of odd that he would insist or on the first time on appeal that, well, he shouldn't have accepted my guilty plea because it was all confusing. Well, he could have asked for a resolution of this issue of whether he was in fact eligible before he proceeded to plead guilty. But he just kind of assumed that, okay, well, maybe it'll turn out by sort of saying, yeah, well, if I'm eligible, well, then he's taking the risk that he's assuming the risk at that point that he may in fact be eligible, whether he knows what eligibility means or not. I mean, he is told you could be eligible and it would be six years if you are. And I think he agrees with that. So under a due process in 402, he understands the consequences of pleading guilty. He could get up to six years. So to say that he was denied real justice or was prejudiced by the admonitions, I don't think he would get this sort of relief in any 402 case. So let me ask this. Isn't it true that it would be desirable for given the importance and the frequency of guilty pleas in self-criminal cases that the trial courts and parties try to make the proceedings as clear as possible to a defendant? In other words, so there are no surprises or uncertainties to the extent possible. And looking at this very case, it seems to me that on the point of view of the prosecutor, it would have been entirely appropriate that going back to the time when I was wearing that hat, I think I would have said, by the way, judge, if this guy screws up on his arrangement now, you bet we're gonna be seeking an extended term and he's eligible for it and we're gonna be going after six years. That would have made things that much clearer for the defendant, wouldn't it? And the notion that he was unsure what the consequences would be, or this is a contingency, even if it complied with the rule, wouldn't it have been desirable for the state in this case to have said that? I suspect that given this defendant's miserable prior record he got himself a hell of a break and that the prosecutor all along would have intended to seek the extended term sentence, which he did if the defendant messed up. Isn't that all correct? Yeah, I would agree with that. It could have been handled better. I mean, more clarity would always be better for everybody concerned, especially a defendant who did express, at least in this case, he was expressing some disagreement or confusion about whether he was in fact eligible. So that's at least in his favor on this particular record. But in a general case, if the defendant is just told without any question or clarification that you're a one to six if extended term eligible, I don't think he would have a rule 402 argument to make, even if that was fully preserved and the fact it wasn't preserved here. So I don't think 402 is really where he's gonna find any relief, but he can try on a post conviction act for sure if he wants to. The last part of my argument I'd like to get to is the final argument since the defendant may have an opportunity to respond to it. There is in fact, I think I would concede a 604 D violation of the, the certificate is essentially rebutted. The question is whether there should be a remedy in the state sites of Brown case because there would be an exception to what would be an automatic remand for real 604 D compliance. The Brown case said that it essentially would be a futile to remand for the attorney to replay the claim. So here what happens is a different attorney filed a sort of hybrid motion. And then when he got to the argument, the new counsel was asked by the court, well, why don't you just tell me what the basis for your motion is orally? And then the counsel went ahead and did that and argued an excessive sentence claim, which is not at all even arguably stated in the motion. So therefore, I mean, it's not like that the motion raised something similar, but close. No, this was not even close to what was raised in the motion. So the written motion does not at all contain an excessive sentence claim. So therefore that would be barred on appeal under 604 D. Defendant has not even actually raised that as a separate issue, but it is waived. And of course the state does note that one point of rule 604 D is to fully preserve the defendant's rights to direct appeals. And so the fact is that Brown would sort of be inconsistent with the idea that rule 604 D is supposed to protect a defendant's right to direct appeal. And so defendant has in fact lost the right to a direct appeal of the issue of whether their six-year sentence was excessive. So that would mean that 604 D remand could be had, but of course the Brown case says that he's already received a full opportunity to litigate that. So the defendant orally argued the excessive sentence claim. The judge rejected it, but defendant is even arguing that the sentence was in fact excessive on appeal. They're not arguing that on appeal, but in fact they have lost the right to do so because of 604 D waiver. So I guess I'd leave it up to this court to decide whether to follow Brown or whether to get what would otherwise be an automatic right to remand for 604 D compliance. I would just leave it to your honors and your wisdom whether which course you would like to take. I would entertain any other questions. I see none. Thank you, counsel. Ms. Lucy, on behalf of the defendant, you may make your rebuttal argument at this time. You're muted, Ms. Lucy. I apologize, your honor. Unfortunately, not the first time. Your honor, I would first point out starting on page 17 of my brief, I go through all three levels of the ineffective assistance of counsel that Mr. Britton received. He did receive ineffective assistance of his plea counsel as is obvious from the record. He also received absolutely ineffective assistance of his post-trial counsel, both attorneys. The one who filed the motion filed, the only issue that she raised was under a completely inapplicable statute, has no bearing on this case whatsoever, preserved absolutely no rights at all. Cause it just, it didn't apply. And then third counsel also failed to preserve any rights whatsoever, any arguments whatsoever because she didn't file a written motion. So even though she orally argued in excessive sentencing argument, which I must be very clear, I am not making the same excessive sentencing argument that post-trial counsel orally made by any stretch of the imagination. She merely made the argument that six years was excessive based on the facts that was not put into a written motion that was therefore not preserved. So this is not one instance of ineffective assistance of counsel. This is multiple instances. And while the state says that he should have filed some sort of pro se motion, he was represented by counsel up until the moment that his case landed here with OSAD. He's not allowed to file pro se motions. It would have been properly dismissed by the trial court. And I believe the defendants do have the reasonable expectation that their attorneys are looking out for their best interests. I don't think that it is in any way fair for Ricky Britton, who doesn't even have any high school education to know that 425 ILCS 5 slash 111-3 didn't apply to his case. I think that's- We discussed with Ms. Brooks the business of any prejudice on the stipulated bench or stipulation that there's a factual basis and her claim that none could be shown. What is the prejudice that you're claiming is shown here by the trial courts accepting a stipulation that there's factual basis in this? Your Honor, if this court requires an active showing on the cold record, as this court pointed out, then this will become essentially a non-issue. Rule 402C will be obviated as a direct appeal issue. And I don't believe that there's any sort of indication that the Supreme Court intended for that result. That is to say, by definition, if the factual basis for the plea does not appear in the record, then there'll never be an opportunity for the defendant to show that the factual basis was insufficient. In this case, he has a right under 402C to have a factual basis read into the record, to have his guilt determined by a judge before his plea is entered. And that- Well, let me ask it this way. If the defense attorney had, in response to the judge's request, can we stipulate to a factual basis, said no, which is what you're claiming should have been the response, what would have happened? Maybe the prosecutor would have said what Ms. Brooks reported that he would have said. She speculated about what was found, that there was a lab report. None of that is in evidence whatsoever. Or maybe the state would have said, we found a baggie five blocks away from where Mr. Britton was living and the police assumed that it was his and we never found any connection between the two. The answer is we don't know, but rule 402C says that it has to be put on the record and it's not a defendant's job to put it on the record. It's not even defense counsel's job to put it on the record. It is the prosecutor's job to provide that to the court. And it is the court's responsibility to make sure that 402 in its entirety is being followed in every case. Again, I understand that guilty pleas do take up the majority of criminal justice dispositions, but this is a big step. This is a relinquishment of all rights. And so there is a reason that 402 has such stringent requirements. And to say that, well, it doesn't matter that C wasn't followed or A2 wasn't followed. Again, it's a slippery slope and one that our Supreme Court has never authorized. At least substantial compliance must be had in all of these cases. I see that my time is elapsing. Very briefly, the judge who accepted the plea was Judge Donohue. Judge Patton did all of the rest, the drug court, the sentencing afterwards. With my time having elapsed, Your Honors, unless there are any questions, I will thank the court for its time. Thank you. I appreciate that. Thank you, counsel, for your argument. The court will take this matter under advisement and a decision in due course, and we'll stand in recess at this time.